Juan Oleivo **VILLARREAL, Appellant,**

v.

The **STATE of Texas, Appellee.**

No. 04–83–00170–CR.

Court of Appeals of Texas, San Antonio.

April 20, 1983.

874

Richard A. Gillham, San Antonio, for appellant.

Sam Millsap, Jr., Dist. Atty., San Antonio, for appellee.

Before CANTU, REEVES and DIAL, JJ.

OPINION

DIAL, Justice.

Juan Villarreal was refused permission to appeal by the trial court in this case in which he had entered a plea of guilty and was assessed punishment by the court not exceeding that recommended by the prosecutor and agreed to by Villarreal and his attorney.

Under these circumstances an individual's right to appeal is limited to those matters which have been raised by written motion filed prior to trial unless he obtains the

1. The Order obviously refers to Tex.Code Crim.

permission of the trial court. Tex.Code Crim.Proc. art. 44.02 (Vernon 1979). There are no pre-trial motions alluded to in the abbreviated record. If Villarreal desires to challenge the matters determined by the trial court, he may do so by writ of habeas corpus in the proper court. Tex.Code Crim. Proc.Ann. art. 11.07 (Vernon Supp.1982–1983).

The general notice of appeal to this court is denied.

CANTU, Justice, dissenting.

The action of the majority is premature. The record before us contains only two documents: the notice of appeal to this Court dated December 20, 1982, informing us that appellant was convicted in cause numbers 82–CR–3395–B and 82–CR–3452 for the offenses of burglary of a habitation, that he was assessed terms of fifteen and five years to run concurrently, that he is in custody and that he is represented by court-appointed counsel. The second document is a photostatic copy of two instruments entitled "Refusal to Permit Appeal" in each of the above mentioned cause numbers. The instruments are identical and recite:

On December 14, 1982, this defendant attempted to give notice of appeal in a case in which he entered a plea of guilty upon a negotiated plea and in which he received the recommended sentence. The statute [1] now requires the consent of the judge for such notice and such consent is refused.

The defendant is ordered transmitted to the Texas Department of Corrections to carry out such sentence.

Signed this the 6th day of January, 1983.

While it may well be that everything in the instruments is true, nevertheless, appellant would not be precluded from appellate review if he filed and obtained rulings on pretrial written motions. Article 44.02.

In the absence of some recitation that such did not occur, this Court is not justified in summarily refusing to afford appel-

Proc.Ann. art. 44.02.

lant review of his convictions under the state of the record before us. This is particularly true since appellant is attempting to appeal as an indigent.

There is no indication in the record why the transcript and statement of facts have not been filed and presumably they have not been prepared as a result of the trial court's refusal to permit appeal.

No complaint has been made by appellant or his counsel that he has been prevented from securing and filing the transcript and statement of facts. I would dismiss the attempted appeals for want of jurisdiction rather than ruling on the merits of appellant's right to appeal in the absence of a meaningful record from which such conclusion could be made. I dissent to the majority's dispositions.